IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| PHOEBE CLARK,[1] | § | |
| | § | No. 6, 2023 |
| Petitioner Below, | § | |
| Appellant, | § | Court Below—Family Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | File No. CS17-02841 |
| BELLA COOK, | § | Petition No. 22-24835 |
| | § | |
| Respondent Below, | § | |
| Appellee. | § | |

Submitted: January 17, 2023
Decided: February 7, 2023

Before **SEITZ**, Chief Justice; **VALIHURA** and **VAUGHN**, Justices.

## **ORDER**

After consideration of the notice to show cause and the response, it appears to the Court that:

(1)     On January 6, 2023, the petitioner below-appellant, Phoebe Clark, filed this appeal from a Family Court Commissioner's order, dated December 13, 2022, denying her motion to rescind a protection from abuse order.  The Senior Court Clerk issued a notice directing Clark to show cause why this appeal should not be dismissed for this Court's lack of jurisdiction to consider an appeal directly from a Family Court Commissioner's order.

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

(2) In her response to the notice to show cause, Clark challenges the issuance of the underlying protection from abuse order that was entered by default in October 2019. She does not address this Court's lack of jurisdiction to entertain an appeal from a Family Court Commissioner's order.

(3) Under 10 *Del. C.* § 915(d) and Family Court Civil Rules 53.1(a), a party's right to appeal from a Commissioner's order is to a judge of the Family Court.[2] This Court lacks jurisdiction to lacks jurisdiction to consider an appeal directly from a Family Court Commissioner's order.[3] This appeal must therefore be dismissed.

NOW, THEREFORE, IT IS ORDERED, under Supreme Court Rule 29(b), that this appeal is DISMISSED.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice

---

[2] 10 *Del. C.* § 915(d)(1), (2) (governing appeals from final and interim orders issued by commissioners); Fam. Ct. Civ. R. 53.1(a) ("An interim or final order of a commissioner may be appealed to a judge of the [Family] Court...").

[3] *See, e.g., Wilson v. Div. of Child Support Servs./Ridgeway*, 2021 WL 5028375, at *1 (Del. Oct. 28, 2021) (dismissing appeal from Family Court Commissioner's order for lack of jurisdiction); *Wright v. DCSE*, 2009 WL 1847743, at *1 (Del. June 29, 2009) (same).